IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DONTA PERKINS | CRIMINAL ACTION<br>NO. 23-66 |

## **MEMORANDUM**

Donta Perkins is serving a 63-month prison sentence for being a felon in possession of a firearm. He seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on his family circumstances and rehabilitation.

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This general rule has exceptions. *Id.* § 3582(c)(1)–(2). One is commonly known as compassionate release. *United States v. Rutherford*, 120 F.4th 360, 364 (3d Cir. 2024). A court may grant compassionate release by reducing a defendant's sentence if (1) extraordinary and compelling reasons warrant a reduction, (2) a reduction is consistent with any applicable Sentencing Commission policy statements and (3) the applicable 18 U.S.C. § 3553(a) sentencing factors support relief. 18 U.S.C. § 3582(c)(1)(A); *Rutherford*, 120 F.4th at 364.

1

Before reducing a sentence, a court must initially "find[]" that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c)(1)(A) does not define "extraordinary and compelling reasons." *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021). Congress delegated the task of defining this phrase to the Sentencing Commission. 28 U.S.C. § 994(t). The Commission issued a policy statement to define "extraordinary and compelling reasons" in § 1B1.13 of the

Sentencing Guidelines. The policy statement, which took effect on November 1, 2023, identified six categories of reasons that individually, or in combination, may be "extraordinary and compelling." One category is the defendant's "[f]amily [c]ircumstances." U.S. Sent'g Guidelines Manual § 1B1.13(b)(3) (U.S. Sent'g Comm'n 2025). Family circumstances can rise to an "extraordinary and compelling reason" supporting compassionate release if there is a "death or incapacitation of the caregiver of the defendant's minor child." *Id*. § 1B1.13(b)(3)(A).

Perkins asserts the mother of his children is unable to care for them. (Mot. for Compassionate Release at 3, Dkt. No. 61.) But Perkins fails to show her "incapacitation." To do so, he must show at least some serious injury, debilitating physical illness or severe cognitive defect. *See United States v. Perez*, No. 03-554, 2025 WL 28235, at *6 (E.D. Pa. Jan. 3, 2025). Perkins alleges he must keep his children's mother's "medical condition" private because this "matter relate[s] to the children and not the mother," and he says the "Court only need[s] to know that she is unable to provide care for them and that the children [are] the defendant['s] responsibility." (Mot. for Compassionate Release at 3.) Perkins provides no evidence to support his conclusory assertions. A "mere allegation . . . without more" is "not an extraordinary and compelling reason for early release." *United States v. Stewart*, 86 F.4th 532, 536 (3d Cir. 2023).

Perkins also asserts that he has participated in many prison rehabilitation programs. (Mot. for Compassionate Release at 4.) But Congress has directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Because Perkins does not show any other

extraordinary and compelling reason to support compassionate release, his claim of rehabilitation cannot advance his cause.

2

Compassionate release must also be consistent with the Sentencing Commission's policy statement. *Rutherford*, 120 F.4th at 364. As explained above, reducing Perkins's sentence would conflict with the policy statement's definition of extraordinary and compelling reasons.[1]

3

Even if Perkins could establish "extraordinary and compelling reasons," reducing his sentence would be inconsistent with the § 3553(a) sentencing factors that Congress has directed courts to consider before granting compassionate release. *Id.*; *see also United States v. Pawlowski*, 967 F.3d 327, 330–31 (3d Cir. 2020).

Section 3553(a) directs a court to consider, among other things, the history and characteristics of the defendant, the nature and circumstances of the offense, and the need for the sentence to promote respect for the law, reflect the seriousness of the offense, provide just punishment and deter criminal conduct. 18 U.S.C. § 3553(a); *see also United States v. Hayes*, No. 25-1043, 2025 WL 1378756, at *1 (3d Cir. May 13, 2025) (per curiam).

These factors cut against a sentence reduction. The circumstances of Perkins's offense were serious. According to his Pre-Sentence Investigation Report, Perkins was

---

[1] The Sentencing Commission has directed courts to also determine whether the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2025). The Court need not determine whether Perkins is a danger to the community because his claim for compassionate release fails on the grounds discussed.

driving under the influence when the police pulled him over. (Pre-Sentence Investigation Report ¶¶ 10–11.) He then fled from the officers on foot. (*Id.* ¶¶ 11–12.) After arresting Perkins, officers found on him and in his car two semiautomatic pistols, two loaded AK-style magazines containing 49 rounds of ammunition, two loaded Glock magazines, cocaine, oxycodone, a digital scale, rubber gloves and thousands of dollars in cash. (*Id.* ¶¶ 12–15.)

Perkins's history, moreover, shows he is no stranger to crime. He has driven drunk and high on drugs multiple times, assaulted people, broken into a home and forcibly ripped a ring off his victim's finger, robbed someone at gunpoint and fled from police officers in his car driving at high rates of speed. (*Id.* ¶¶ 37–46.)

Granting Perkins early release would be inconsistent with the need to adequately punish and deter criminal conduct and would contravene respect for the law.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.
